IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHERMAN WASHINGTON | : | |
| | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 05-CV-6386 |
| | : | |
| EDDIE J. PEAVY | : | |

**SURRICK, J.**                                                                                         **APRIL 25, 2006**
<u>**MEMORANDUM & ORDER**</u>

  Presently before the Court is Defendant Eddie J. Peavy's Motion For Summary Judgment (Doc. No. 6). For the following reasons, Defendant's Motion will be denied.

**I.    BACKGROUND**

  On or about February 27, 2003, Plaintiff Sherman Washington was involved in a motor vehicle accident with Defendant Peavy, the operator of a truck owned by J.B. Hunt Transport, Inc. ("J.B. Hunt"). Plaintiff alleges that he sustained numerous injuries as a result of Peavy's negligence. On August 10, 2004, Plaintiff commenced a personal injury action in the Court of Common Pleas of Philadelphia County, naming J.B. Hunt as defendant. On September 3, 2004, J.B. Hunt filed a notice of removal to this Court. *See Washington v. J.B. Hunt*, Civ. A. No. 04-4203 (E.D. Pa.). On November 22, 2005, we entered an Order with the agreement of counsel, dismissing that case with prejudice. (Civ. A. No. 04-4203, Doc. No. 26.)

  On February 23, 2005, Plaintiff filed a personal injury action in the Court of Common Pleas against Defendant Eddie J. Peavy. *See Washington v. Peavy*, Case No. 050202300 (Pa. Ct. Comm. Pleas). Counsel for Peavy, the same attorney who represented J.B. Hunt, filed a Notice of Removal of that action to this court based upon diversity jurisdiction pursuant to 28 U.S.C. §

1332.  (Civ. A. No. 05-6386, Doc. No 1.)[1]  Peavy now moves for summary judgment, alleging that this case must be dismissed because Plaintiff did not properly serve Peavy within the two-year statute of limitations period.  (Doc. No. 6.)

## II.   LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A genuine issue of material fact exists only when "the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the initial burden of demonstrating that there are no facts supporting the nonmoving party's legal position.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-24 (1986).  Once the moving party carries this initial burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (explaining that the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts").  "The nonmoving party . . . 'cannot rely merely upon bare assertions, conclusory allegations or suspicions' to support its claim."  *Townes v. City of Phila.*, Civ. A. No. 00-CV-138, 2001 U.S. Dist. LEXIS 6056, at *4 (E.D. Pa. May 11, 2001) (quoting *Fireman's Ins. Co. v. DeFresne*, 676 F.2d 965, 969 (3d Cir. 1982)).  Rather, the party opposing summary

---

[1] Unless otherwise noted, all subsequent cites to docket numbers refer to the docket in this federal action, Civil Action No. 05-6386.

judgment must go beyond the pleadings and present evidence through affidavits, depositions, or admissions on file to show that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. When deciding a motion for summary judgment, the court must view facts and inferences in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255; *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1127 (3d Cir. 1995). We do not resolve factual disputes or make credibility determinations. *Siegel Transfer, Inc.*, 54 F.3d at 1127.

### III.   LEGAL ANALYSIS

In Pennsylvania, "an action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another" must be commenced within two years.[2] 42 Pa. Cons. Stat. § 5524(2). "[L]imitations periods are computed from the time that the cause of action accrued." *Fine v. Checcio*, 870 A.2d 850, 857 (Pa. 2005) (citing 42 Pa. Cons. Stat. § 5502(a)). "[A] cause of action accrues when the plaintiff could have first maintained the action to a successful conclusion." *Id.* In a personal injury suit, the right to sue arises when the injury is inflicted. *Id.* In this case, Plaintiff seeks damages for personal injury due to Defendant's alleged negligence in a motor vehicle accident that occurred on February 27, 2003. (Doc. No. 1 at Ex. A.) Thus, Plaintiff was required to file his negligence action against Defendant no later than February 27, 2005. Defendant argues that he was not properly served until well after the statute of limitations ran and that Plaintiff did not make a good faith attempt at proper service. Defendant asserts that under these circumstances Plaintiff's action against him must be dismissed. (Doc. No. 6.)

---

[2] In a diversity case such as this, the district court must determine which state's substantive law will govern. We agree with the parties that the substantive law of Pennsylvania governs this case.

"[S]ummary judgment may be properly entered in favor of the defendants where the plaintiff's cause of action is barred by the statute of limitations." *Tohan v. Owens-Corning Fiberglas Corp.*, 696 A.2d 1195, 1198 (Pa. Super. Ct. 1997). "It is self-evident that once the action has been commenced, the defendant must be provided notice of the action in order for the purposes of the statutes to be fulfilled." *McCreesh v. City of Phila.*, 888 A.2d 664, 671 (Pa. 2005). However, Pennsylvania courts recognize that the statute of limitations is tolled when the complaint is filed if the plaintiff makes a "good faith effort" to serve the complaint in compliance with the applicable rules of court. *Devine v. Hutt*, 863 A.2d 1160, 1167 (Pa. Super. Ct. 2004). Whether plaintiff has made a good faith effort to notify and serve the defendant is determined on a case-by-case basis. *Id.* The good faith effort required to toll the statute has its origins in *Lamp v. Heyman*, 366 A.2d 882 (Pa. 1976), a case in which the Supreme Court of Pennsylvania observed that, at that time, it was

> relatively common practice throughout the Commonwealth for attorneys to file a praecipe with the prothonotary to toll the statute of limitations but then, whether because settlement negotiations are in progress or because more time is needed to prepare the case, to delay or prevent service upon the defendant.

*Id.* at 886. The Supreme Court concluded that there was "too much potential for abuse in a rule which permits a plaintiff to keep an action alive without proper notice to a defendant merely by filing a praecipe for a writ of summons and then having the writ reissued in a timely fashion without attempting to effectuate service." *Id.* at 888. The purpose of the *Lamp* court's ruling was "to avoid the situation in which a plaintiff can bring an action, but, by not making a good-faith effort to notify a defendant, retain exclusive control over it for a period in excess of that permitted by the statute of limitations." *Id.* at 889.

After *Lamp*, Pennsylvania courts strictly interpreted a plaintiff's obligation under the

Pennsylvania Rules of Civil Procedure.  *See, e.g.*, *Rosenberg v. Nicholson*, 597 A.2d 145, 148 (Pa. Super. Ct. 1991) ("Simple neglect and mistake to fulfill the responsibility to see that requirements for service are carried out may be sufficient to bring the rule in *Lamp* to bear. Thus, conduct that is unintentional that works to delay the defendant's notice of the action may constitute a lack of good faith on the part of the plaintiff." (internal citations omitted)); *see also Farinacci v. Beaver County Indus. Dev. Auth.*, 511 A.2d 757, 759-60 (Pa. 1986); *Miller v. Klink*, 871 A.2d 331, 336 (Pa. Commw. Ct. 2005).  In a recent decision, *McCreesh v. City of Philadelphia*, the Supreme Court of Pennsylvania clarified the contours of a plaintiff's obligation to serve a defendant.  The *McCreesh* court noted that a "rigid compliance requirement" with the Rules of Civil Procedure was "incompatible with the plain language of Rule 401, the spirit of *Lamp*, and the admonition of Rule 126 to construe liberally the rules of procedure so long as the deviation does not affect the substantial rights of the parties."  *McCreesh*, 888 A.2d at 674.  The *McCreesh* court continued:  "Neither our cases nor our rules contemplate punishing a plaintiff for technical missteps where he has satisfied the purpose of the statute of limitations by supplying a defendant with actual notice."  *Id.* at 675; *see also Rosenberg*, 597 A.2d at 147 ("Service of process upon the defendant is designed to provide him with notice of the lawsuit. Notice is extremely important, as it is the constitutional touchstone for the power of the court to act.").  The Court in *McCreesh* determined that only those claims would be dismissed "where plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant."  *McCreesh*, 888 A.2d at 675.

The state court docket in this matter reflects that Plaintiff commenced this action in the Court of Common Pleas of Philadelphia County on February 23, 2005. Plaintiff contends that an attempt to serve the complaint on Peavy was made on or about February 23, 2005 at 1025 James Street, Syracuse, New York.[3] (Doc. No. 9 at Exs. 1-2.) This was the address listed for Peavy on the Philadelphia Police Department's Incident Report for the February 27, 2003 motor vehicle accident. (*Id.* at Ex. 1.) The letter was returned by the Post Office as "not deliverable as addressed." (*Id.* at Ex. 2.) Plaintiff's counsel researched Peavy's whereabouts and confirmed via a search with the United States Postal Service that the address, 120 Jefferson Street, Albany, New York, was a good address. (*Id.* at Ex. 5.) On March 14, 2005, Plaintiff served the complaint at the Jefferson Street address by certified mail. Jacqueline Peavy signed the return receipt.[4] (*Id.* at Ex. 6.) However, on March 22, 2005, the letter containing the complaint was returned to Plaintiff's counsel marked "refused" by the Post Office. (*Id.* at Ex. 7.) On April 22, 2005, Plaintiff's counsel sent the complaint via first class mail to Peavy at the Jefferson Street address along with a certificate of the mailing. (*Id.* at Ex. 8.)

On May 18, 2005, Plaintiff's counsel filed a motion for alternative service with the Court of Common Pleas. On May 20, 2005, an order was entered by Judge Matthew Carrafiello

---

[3] Rule 404 governs service outside the Commonwealth. It provides, in pertinent part: "Original process shall be served outside the Commonwealth within ninety days of the issuance of the writ or the filing of the complaint or the reissuance or the reinstatement thereof . . . (2) by mail in the manner provided by Rule 403 . . . ." Pa. R. Civ. P. 404. Rule 403 states in relevant part: "If a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent. Service is complete upon delivery of the mail." Pa. R. Civ. P. 403.

[4] It is disputed whether a Jacqueline Peavy lived at the Jefferson Street address in March 2005. (Doc. No. 6 at 12; *Id.* at Ex. D.)

granting Plaintiff's motion for alternative service upon Peavy at 120 Jefferson Street. The order permitted service by certified mail and regular mail. On June 28, 2005, Plaintiff's counsel filed an affidavit of service with the state court, averring that the complaint was sent by certified mail, return receipt requested, on June 7, 2005. A default judgment was entered against Defendant on July 12, 2005. On July 20, 2005, Defendant Peavy's counsel entered an appearance in the state action. The following day, Defendant's counsel moved to strike the default judgment because of improper service. (*Id.* at Ex. 13.) On August 18, 2005, Judge Glazer of the Court of Common Pleas granted Defendant's motion to strike the default judgment due to Plaintiff's failure to abide by Pennsylvania Rule of Civil Procedure 403(2).[5] Plaintiff filed a motion for reconsideration of that order and, on September 7, 2005, Judge Glazer granted Plaintiff's motion and vacated the August 18, 2005 order. Judge Glazer then ordered that limited discovery be taken by the parties to ascertain whether Peavy had been properly served in accordance with the May 20, 2005 order. On November 4, 2005, Judge Glazer ordered that the service upon Peavy be set aside and that Plaintiff serve process in accordance with the May 20, 2005 order and the Pennsylvania Rules of Civil Procedure. On December 5, 2005, Plaintiff's counsel filed an affidavit of service of the complaint on Peavy at 822 E. Brighton Avenue, Syracuse, New York by certified mail return receipt requested and by first class mail. Defendant does not object to this last service of process. (Doc. No. 6 at 17; *id.* at ¶ 45.)

---

[5] Rule 403(2) provides: "If the mail is returned with notation by the postal authorities that it was unclaimed, the plaintiff shall make service by another means pursuant to these rules." Pa. R. Civ. P. 403.

As mentioned above, the most recent pronouncement by the Supreme Court of Pennsylvania regarding service of process and the statute of limitations is *McCreesh v. City of Philadelphia*.[6]  Applying the rationale of *McCreesh* to the instant facts, we are compelled to conclude that Plaintiff did not intentionally employ dilatory tactics to stall this case.  The record indicates that Plaintiff's counsel made at least three attempts to serve Peavy. Counsel then sought the assistance of the Court.  We see no basis upon which to conclude that Counsel was being dilatory.  Moreover, there is no reason to believe that Peavy has been prejudiced in this matter.  Peavy's counsel was also the attorney for J.B. Hunt in the initial state action regarding this same motor vehicle accident.  Counsel was certainly familiar with the facts and circumstances that gave rise to this lawsuit.  He had already tried this case once.  Interestingly, Peavy's counsel entered an appearance in the underlying state action in July 2005, five months after the complaint was filed but four months before service was perfected on Peavy.  The record contains no indication of when Peavy's counsel communicated with Peavy for the first time about the state court action pending against him.  We note, however, that Peavy's counsel stated in a July 2005 state court pleading that although Peavy's residential address was not known for certain, Peavy's address might be 822 E. Brighton Avenue in Syracuse, New York.  This was the address where Peavy was eventually served.  In any event, after a thorough review of the record, we conclude that Plaintiff attempted in good faith to serve Defendant thus tolling  the statute of limitations.  In addition, we perceive no prejudice to Defendant.  Accordingly, we will deny Defendant's Motion for Summary Judgment.

An appropriate Order follows.

---

[6] Defendant does not mention *McCreesh* in his Motion for Summary Judgment.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHERMAN WASHINGTON | : | |
| | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 05-CV-6386 |
| | : | |
| EDDIE J. PEAVY | : | |

## ORDER

AND NOW, this 25th day of April, 2006, upon consideration of Defendant's Motion For Summary Judgment (Doc. No. 6) and Plaintiff's response thereto, it is ORDERED that Defendant's Motion is DENIED.

IT IS SO ORDERED.

BY THE COURT:

/s R. Barclay Surrick
_____
R. Barclay Surrick, Judge